UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

NEVAEH UPCHURCH                                                              PLAINTIFF

VS.                                                    CIVIL ACTION NO. 2:23-cv-00028-HSO-BWR

JEDIDIAH KANENGISER,
PETAL SCHOOL DISTRICT, and
JOHN DOES 1-10.                                                              DEFENDANTS

## COMPLAINT
### (Jury Trial Demanded For Non-MTCA Claims)

Plaintiff Nevaeh Upchurch, by and through her attorneys and files her Complaint against Defendants Jedidiah Kanengiser; Petal School District, and John Does 1-10 for a claim arising under the Mississippi Tort Claims Act and 42 U.S.C. 1983.

### I.    Parties

1)    Plaintiff Nevaeh Upchurch is an adult resident citizen of Forrest County, Mississippi.

2)    Defendant Jedidiah Kanengiser was the physical education teacher of Plaintiff at the time of the events.

3)    Defendant Petal School District is a governmental entity and a political subdivision of the State of Mississippi and may be served with process upon its Superintendent, Matthew L. Dillon, or a member of its board as proscribed by F.R.C.P. 4 and by reference M.R.C.P. 4.

4)    Defendant John Does are defendants that Plaintiff cannot reasonably be discovered at this time, and the statute of limitations should be tolled.

## II. Jurisdiction and Venue

5) This Court has jurisdiction over the parties and subject matter in this action pursuant to 28 U.S.C. § 1331, as this action involves statutes of the United States, specifically 42 U.S.C. § 1983. This Court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367.

6) Venue is proper in the United States District Court for the Southern District of Mississippi, Eastern Division, pursuant to 28 U.S.C. § 1391(b)(1)-(2), as the Defendants are located in this district, and a substantial part of the events giving rise to the claims herein occurred in Forrest County, Mississippi.

## II. Mississippi Tort Claims Act

7) Plaintiff's state claims are subject to the Mississippi Tort Claims Act. Pursuant to Mississippi Code § 11-46-11, Plaintiff served a Notice of Claim to Defendant Petal School District via hand delivery and fax.

8) Pursuant to F.R.C.P. 9(c), the Notice of Claim contained the requisite information, was served within one year after the date of events on which the claim is made, the tolling period has passed, and Defendants have not sent a notice of denial of the claim, and all other conditions precedent having been met, Plaintiff now timely files this Complaint.

## III. Facts

9) On November 10, 2021, Plaintiff was in her Physical Education class at Petal High School, taught by Coach Jedidiah Kanengiser, when she was hit in the head with a basketball.

10) Approximately six months prior to the accident, Plaintiff had undergone brain surgery. Coach Kanengiser and other Petal High School employees knew of Plaintiff's medical

condition. When she registered her daughter for school, Amy Mendez, Plaintiff's mother, asked if any documentation was needed for Plaintiff's condition. Ms. Mendez was told it was not.

11) On October 2021, Plaintiff informed Coach Kanengiser of her medical limitations and that she could not participate in physical activities. Coach Kanengiser responded that he had never heard of her condition and would need to do some research, but until then, Plaintiff would be required to participate.

12) Amy Mendez then reached out to Plaintiff's school counselor, Melissa Morgan, who told her that she had worked something out with Coach Kanengiser. Ms. Mendez then requested a meeting with the principal, Dr. Zachary Bost, and Coach Kanengiser to discuss the issue. This meeting took place on November 3, 2021. Ms. Mendez expressed concern that Plaintiff could be hit in the head. Coach Kanengiser told Ms. Mendez that they use foam balls and "that would never happen." Plaintiff was then given alternate assignments in the class of walking laps around the gym where the other students participated in physical activities and then wrote a paper on the physical activity for that week.

13) Even after all the efforts by her mother, Plaintiff was hit in the head with a basketball while walking these laps. After Plaintiff was hit in the head, she went to Coach Kanengiser, who told her to sit down for a minute and finish her laps around the gym but took no other action. Plaintiff called her mother, and Ms. Mendez then tried to contact the school. However, the school phone lines were down. Ms. Mendez called the Petal Police Department to see if they could reach the School Resource Office to check on Plaintiff. Ms. Mendez also called the nurse at Petal Middle School and asked her to email the nurse at the high school to check on Plaintiff.

14) At the end of the class period, Coach Kanengiser asked another student to walk Plaintiff to her next class. Ms. Mendez arrived at school approximately 45-55 minutes after the phone call from Plaintiff. By then, Plaintiff was not speaking or responding, only crying. Plaintiff could not focus her vision or stand and had been placed in a wheelchair. Ms. Mendez then took Plaintiff to the Emergency Department at Forrest General Hospital.

15) As a direct and proximate result of the above acts of negligence and breaches of legal duties owed to her by Defendants, Plaintiff suffered damages, including, but not limited to, the following:

    a. Psychological, emotional, and mental suffering;

    b. Hospital bills, doctor bills, prescription medication bills, and other medical and medical-related expenses;

    c. Physical injuries; and

    d. Loss of enjoyment of life.

### IV. Causes of Action

#### A. Violations of the Mississippi Tort Claims Act

16) Defendants violated the Mississippi Tort Claims Act when they failed to adhere to their custom or policy of following medical advice regarding a student's limitations and excusing Plaintiff from participating in physical activity. Also, Defendants violated the Mississippi Tort Claims Act when they failed to adhere to the agreement they reached with Plaintiff's mother regarding Plaintiff's participation in her physical education class.

17) As a direct and proximate result of Defendants' actions, Plaintiff has suffered and incurred actual and compensatory damages

## B. Violation of the 42 U.S.C. 1983 - *Monell* Liability

18) Plaintiff incorporates the preceding paragraphs by reference as if fully set forth herein.

19) At all times relevant hereto, Defendant Petal School District was acting under the color of the laws of the State of Mississippi.

20) Petal School District is responsible for violations of the Fourteenth Amendment's Due Process Clause when its failure to train and supervise its employees, including Jackson, resulted from "(1) a 'deliberately indifferent' policy of training that (2) was the 'closely related cause of the violation of the plaintiff's federally protected rights." *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 453 (5th Cir. 1994) (citing *City of Canton v. Harris*, 489 U.S. 378, 388, 391, 109 S. Ct. 1197, 1204, 1206, 103 L. Ed. 2d 412, 426, 428 (1989)).

21) The Supreme Court has adopted a standard for determining when a failure to act amounts to "a "deliberate' or "conscious' choice." *City of Canton v. Harris*, 489 U.S. 378, 389, 109 S. Ct. 1197, 1206, 103 L. Ed. 2d 412 (1989). The Court requires deliberate indifference. *Id.* (citing *Monell v. Department of Social Servs.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037, 56 L. Ed. 2d 611 (1978) and *Polk County v. Dodson*, 454 U.S. 312, 326, 102 S. Ct. 445, 454, 70 L. Ed. 2d 509 (1981)). Where an entity's inaction demonstrates deliberate indifference toward the rights of an individual, the entity commits an act of omission. Its failure to act rises to the level of a conscious or deliberate choice. *Id.* See also *Gonzalez v. Ysleta Indep. Sch. Dist.*, 996 F.2d 745, 757 (5th Cir.1993) (applying deliberate indifference standard).

22) A *Monell* claim for failure to train may be brought "[o]nly where a [defendants'] failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants," thereby showing the necessary "policy or custom" to establish

5

§ 1983 liability.

23) Petal School District conferred with Plaintiff's mother and agreed on a plan to treat Plaintiff's medical condition regarding her physical education requirement. Petal School District failed to train its employees to follow the medical advice of a student's doctors and failed specifically in implementing the plan for Plaintiff.

24) As a direct and proximate result of these violations, Plaintiff has suffered and incurred actual and compensatory damages.

### C. Violations of the Rehabilitation Act, 29 U.S.C. 701

25) Plaintiff incorporates the preceding paragraphs by reference as if fully set forth herein.

26) Section 504 of the Rehabilitation Act protects against disability discrimination by recipients of federal funding and provides that:

> No otherwise qualified individual with a disability in the United States...shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

29 U.S.C. § 794(a).

27) Defendants' refusal to follow Plaintiff's physicians' medical instructions and forcing her to participate in her physical education class allowed her to suffer a head injury, constitutes a violation of the Rehabilitation Act. Defendants discriminated against Plaintiff by not granting her reasonable accommodations or, at the very least, adhering to the plan they agreed with Plaintiff's mother.

28) As a direct and proximate result of these violations, Plaintiff has suffered and incurred actual and compensatory damages.

### D. Discrimination Claim Under Title IX

29) Plaintiff incorporates the preceding paragraphs by reference as if fully set forth herein.

30) The Supreme Court has held that Title IX can be enforced through a private cause of action. *Doe v. University of Mississippi*, 361 F. Supp. 3d 597, 606 (S.D. Miss. 2019) citing *Cannon v. Univ. of Chi.*, 441 U.S. 677, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979).

31) Section 901(a) of Title IX states: "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a)."

32) Defendants ignored Plaintiff's mother's requests and doctor's medical instructions resulting in her being hit in her head after brain surgery. Defendants would not have ignored Plaintiff's mother's request or doctors' orders if she was a male student similarly situated in a physical activity like a physical education class or a varsity sport. This gender discrimination resulted in Defendants ignoring Plaintiff's mother and her treating physicians and caused her to suffer a head injury.

33) As a direct and proximate result of this discrimination, Plaintiff has suffered and incurred actual and compensatory damages.

### E. 42 U.S.C § 1983 - Equal Protection Clause

34) Plaintiff incorporates the preceding paragraphs by reference as if fully set forth herein.

35) The Equal Protection Claus is "essentially a direction that all persons similarly situated should be treated alike." *Doe* at 614 citing *Wood v. Collier*, 836 F.3d 534, 538 (5th Cir.

2016). For an equal protection claim, the plaintiff must establish that "similarly situated individuals were treated differently." *Id.* citing *Wheeler v. Miller,* 168 F. 3d 21, 252 (5th Cir. 1999).

36)     Defendants ignored Plaintiff's mother's requests and doctor's medical instructions resulting in her being hit in her head after brain surgery. Defendants would not have ignored her mother's request or doctors' orders if she was a male student similarly situated in participating in a physical activity like a physical education class or a varsity sport.  This gender discrimination resulted in Defendants ignoring Plaintiff's mother and her treating physicians and caused her to suffer a head injury.

37)     Defendant Kanengiser is sued in his individual capacity for the § 1983 claim because he violated Plaintiff's statutory or constitutional right that was clearly established at the time. *Doe* at 615 citing *Plumhoff v. Rickard,* 572 U.S. 765, 134 S.Ct. 2012, 2023, 188 L.Ed.2d 1056 (2014). Defendant Kanengiser violated Plaintiff's statutory right to be treated the same as a male student with similar physical restrictions by her treating physicians.

38)     As a direct and proximate result of this discrimination, Plaintiff has suffered and incurred actual and compensatory damages.

## PRAYER FOR RELIEF

39)     Wherefore, premises considered, Plaintiff respectfully prays that upon hearing of this matter by a jury, Plaintiff is granted the following relief in an amount to be determined by the jury:

        a. Compensatory damages;

        b. Punitive damages;

        c. Attorney's fees;

    d. Costs and expenses;

    e. Declaratory relief on the cause of her damages as to each Defendant;

    f. Pre-judgment and post-judgment interest; and,

    g. Any other relief to which she may be properly entitled.

**Demand for Jury Trial for the Non-MTCA claims**

RESPECTFULLY SUBMITTED on February 16, 2023.

By: _/s/ Brent Hazzard_

Brent Hazzard, MSB #99721
Emily Bradley, MSB #104523
Schwartz & Associates, P.A.
162 E. Amite Street (39201)
Post Office Box 3949
Jackson, Mississippi 39207-3949
T: (601) 988-8888
F: (601) 948-3822
bhazzard@1call.org
ebradley@1call.org